**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

**Southern District of New York**
(State)

Case number *(if known)*: _____    Chapter **11**

☐ Check if this is an
amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

04/19

If more space is needed, attach a separate sheet to this form.  On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals*, is available.

| | | |
|---|---|---|
| 1. | **Debtor's Name** | **BNY Licensing Corp.** |
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **22-3024177** |

4. **Debtor's address**

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| **575 Fifth Avenue** | |
| Number          Street<br>**11th Floor** | Number          Street |
| | P.O. Box |
| **New York, New York 10017** | |
| City                    State      Zip Code | City                    State      Zip Code |
| | **Location of principal assets, if different from principal place of business** |
| **New York County** | Number          Street |
| County | |
| | City                    State      Zip Code |

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | **https://www.barneys.com** |
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br><br>☐ Partnership (excluding LLP)<br><br>☐ Other. Specify: _____ |

Debtor   BNYLicensing Corp.                                           Case number *(if known)* _____
         Name

**7.  Describe debtor's business**

A.  *Check One:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

B.  *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See
    http://www.uscourts.gov/four-digit-national-association-naics-codes .
    **4481**

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check One:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,725,625 (amount subject to adjustment on 4/01/22 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).  If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return, or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☐ A plan is being filed with this petition.

☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934.  File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No
☐ Yes.   District _____   When _____   Case number _____
                                        MM/DD/YYYY

         District _____   When _____   Case number _____
                                        MM/DD/YYYY

**10.  Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases.  If more than 1, attach a separate list.

☐ No
☒ Yes.   Debtor   **See Rider 1**                    Relationship   **Affiliate**

         District   **Southern District of New York**   When
                                                              **08/06/2019**
                                                              MM / DD / YYYY
         Case number, if known   _____

Debtor ___BNYLicensing Corp._____    Case number *(if known)* _____
     Name

**11. Why is the case filed in *this* district?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No.

☐ Yes.  Answer below for each property that needs immediate attention.  Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?**

_____
Number          Street

_____
City                                              State      Zip Code

**Is the property insured?**

☐ No

☐ Yes.   Insurance agency    _____

Contact name    _____

Phone             _____

---

| **Statistical and administrative information** |

**13. Debtor's estimation of available funds**

*Check one:*

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors[1]**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | 1-49 | ☐ | 1,000-5,000 | ☐ | 25,001-50,000 |
| ☐ | 50-99 | ☒ | 5,001-10,000 | ☐ | 50,001-100,000 |
| ☐ | 100-199 | ☐ | 10,001-25,000 | ☐ | More than 100,000 |
| ☐ | 200-999 | | | | |

**15. Estimated assets**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

---

[1] The estimated number of creditors and estimated amounts of assets, and liabilities, are being listed on a consolidated basis for all Debtor affiliates listed on Rider 1, attached hereto.

| Debtor | BNYLicensing Corp. | | Case number *(if known)* | |
|---|---|---|---|---|
| | Name | | | |

**16. Estimated liabilities**

| | | | | | |
|---|---|---|---|---|---|
| ☐ | $0-$50,000 | ☐ | $1,000,001-$10 million | ☐ | $500,000,001-$1 billion |
| ☐ | $50,001-$100,000 | ☐ | $10,000,001-$50 million | ☐ | $1,000,000,001-$10 billion |
| ☐ | $100,001-$500,000 | ☐ | $50,000,001-$100 million | ☐ | $10,000,000,001-$50 billion |
| ☐ | $500,001-$1 million | ☒ | $100,000,001-$500 million | ☐ | More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____08/06/2019_____
                    MM/ DD / YYYY

✗   _/s/ Sandro Risi_                                    Sandro Risi
Signature of authorized representative of debtor        Printed name

Title   Authorized Signatory

**18. Signature of attorney**

✗   _/s/ Joshua A. Sussberg_          Date   08/06/2019
Signature of attorney for debtor             MM/ DD/YYYY

Joshua A. Sussberg, P.C.
Printed name

Kirkland & Ellis LLP
Firm name

601 Lexington Avenue
Number          Street

New York                              New York     10022
City                                  State        ZIP Code

(212) 446-4800                        joshua.sussberg@kirkland.com
Contact phone                         Email address

4216453                      New York
Bar number                   State

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

**Fill in this information to identify the case:**

United States Bankruptcy Court for the :

**Southern District of New York**

(State)

Case number *(if known)*: _____    Chapter __11__

☐ Check if this is an
amended filing

# Rider 1
## Pending Bankruptcy Cases Filed by the Debtor and Affiliates of the Debtor

On the date hereof, each of the entities listed below (collectively, the "Debtors") filed a petition in the United States Bankruptcy Court for the Southern District of New York for relief under chapter 11 of title 11 of the United States Code.  The Debtors have moved for joint administration of these cases under the case number assigned to the chapter 11 case of Barneys New York, Inc.

| |
|---|
| Barneys New York, Inc. |
| Barney's, Inc. |
| BNY Catering, Inc. |
| BNY Licensing Corp. |
| Barneys Asia Co. LLC |

| Fill in this information to identify the case: |
| --- |

| | |
| --- | --- |
| Debtor name | BNY Licensing Corp. |
| United States Bankruptcy Court for the: | Southern District of New York |
| Case number (If known): | (State) |

☐ Check if this is an amended filing

Official Form 204

Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders                    12/15

**A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case.  Include claims which the debtor disputes.
Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors,
unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.**

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 1 | Jenel Management | Attn: Jack Dushey Jenel Management Corp. 275 Madison Avenue (1100) New York, NY 10016 (212) 889-6406 jd@jenel.net | Lease | | | | $5,984,632 |
| 2 | The Row LLC | Attn: Legal 609 Greenwich Street New York, New York 10014 (646) 358-3888 Jan.Kaplan@therow.com | Trade Payable | | | | $3,737,748 |
| 3 | Celine Inc. | Attn: Legal 538 Madison Avenue New York, NY 10022 (646) 346-7613 luc.ferriere@lvmhfashion.com | Trade Payable | | | | $2,747,305 |
| 4 | Thor Equities 1-15 EAST OAK STREET, LLC | 25 West 39th St. New York, NY 10018 United States (212) 529-4175 Ext. 0000 jxenitelis@thorequities.com | Lease | | | | $2,228,976 |

[1] The Debtors reserve the right to assert setoff and other rights with respect to any of the claims listed herein.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 5 | Yves Saint Laurent America, Inc. | Attn: Legal 50 Hartz Way Secaucus, NJ 07094 (201) 553-6945 (201) 770-2921 daniel.byrnes@kering.com | Trade Payable | | | | $2,186,576 |
| 6 | Balenciaga America, Inc. | Attn: Legal 50 Hartz Way Secaucus, NJ 07094 (212) 279-4440 daniel.byrnes@kering.com | Trade Payable | | | | $2,139,845 |
| 7 | Givenchy Corporation/LVMH | Attn: Legal 19 East 57th Street New York, NY 10022 (212) 965-5582 luc.ferriere@lvmhfashion.com | Trade Payable | | | | $1,944,171 |
| 8 | Gucci | Attn: Legal 195 Broadway New York, NY 10007 (201) 330-2738 daniel.byrnes@kering.com | Trade Payable | | | | $1,797,504 |
| 9 | Google Inc. | Attn: Legal 1600 Amphitheatre Parkway Mountain View, CA 94043 (800) 467-1894 jo.keri@google.com | Trade Payable | | | | $1,706,932 |
| 10 | Prada | Attn: Legal 609 West 52nd Street New York, NY 10019 (212) 307-9300 Aimee.Nsang@prada.com | Trade Payable | | | | $1,626,504 |
| 11 | Rakuten Marketing Formerly Linkshare Corp. | Attn: Legal 215 Park Avenue South 2nd Floor New York, NY 10003 (646) 943-8294 shannon.le@rakuten.com | Trade Payable | | | | $1,584,130 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|---|
| | | | | | If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 12 | GGR US LLC | Attn: Legal Dept. 3486 24 E 64th St New York, NY 10065 (212) 947-3333 veronica.nanni@ggr-distribution.com | Trade Payable | | | | $1,461,149 |
| 13 | Azzedine Alaia | Attn: Legal 5 Rue Marignan 75008 Paris, France patricia.carry@alaia.fr | Trade Payable | | | | $1,396,258 |
| 14 | Margiela USA, Inc | 220 W 19TH STREET 11TH FLOOR New York, NY 10011 (646) 813-4124 Ext. 0000 kenny_kalipershad@staffinternati onal.com | Trade Payable | | | | $1,370,604 |
| 15 | CL US Distribution Corporation | Attn: Legal 306 W. 38th Street Floor 14 New York, NY 10018-2927 (212) 279-7365 j.jiang@us.christianlouboutin.com | Trade Payable | | | | $1,283,586 |
| 16 | Moncler USA, Inc | 568 BROADWAY SUITE # 301 ATTN: A/R & CREDIT DPT. New York, NY 10012 (347) 745-2873 Ext. 0000 valentina.pretto@moncler.com | Trade Payable | | | | $1,205,973 |
| 17 | Chloe | Attn: Legal Division of Richemont North America 10 East 52nd Street 3rd Floor New York, NY 10022 (917) 606-7031 clemence.asaria@chloe.com | Trade Payable | | | | $995,965 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 18 | Shiseido Cosmetics | Attn: Legal 390 Madison Avenue New York. NY 10017 (201) 651-3917 jcohen@sac.shiseido.com | Trade Payable | | | | $990,192 |
| 19 | STOCKTON STREET PROPERTIES, INC. | PO BOX 847130 Dallas, TX 75284-7130 (952) 852-5200 Ext. 0000 Lori.Coleman@MadisonMarquette .com; kevin.pirozzoli@invesco.com | Lease | | | | $953,528 |
| 20 | ISAIA CORP | 730 FIFTH AVE, CROWN BLDG., STE 1004 New York. NY 10019 (212) 245-3733 Ext. 0000 anthony.bozzi@isaia.it | Trade Payable | | | | $942,977 |
| 21 | FedEx | 942 South Shady Grove Road Memphis, Tennessee 38120 (901) 818-7500 christie.burns@fedex.com | Trade Payable | | | | $929,944 |
| 22 | CHANEL | 885 CENTENNIAL AVENUE Piscataway, NJ 08854 (732) 980-3845 Ext. 0000 KAREN.ALBRECHT@CHANELUSA.C OM | Trade Payable | | | | $877,516 |
| 23 | Loewe LLC | Attn: Legal 598 Madison Ave FL 6 New York, NY 10022 (646) 346-7914 luc.ferriere@lvmhfashion.com | Trade Payable | | | | $877,323 |
| 24 | CANADA GOOSE US, INC. | C/O TX911OU P.O.BOX 55950 Boston, MA 02205-5950 (416) 780-9850 Ext. 0000 crenfrey@canadagoose.com | Trade Payable | | | | $870,103 |
| 25 | ETOILLE 660 MADISON LLC | 660 MADISON AVENUE New York, NY 10065 tedh@jsrellc.com | Trade Payable | | | | $866,977 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff [1] | Unsecured Claim |
| 26 | Tribeca Design Studio LLC | Attn: Legal 48 Walker Street New York, New York 10013 (212) 431-7713 shira@nililotan.com | Trade Payable | | | | $854,691 |
| 27 | Manolo Blahnik USA, LTD | Attn: Legal 31 West 54th Street New York, New York 10019 (212) 582-5647 Tony@manoloblahnikusa.com | Trade Payable | | | | $831,984 |
| 28 | RAG & BONE | 425 W 13TH ST., 3RD FL New York, NY 10014 (212) 278-8214 Ext. 0000 credit@rag-bone.com | Trade Payable | | | | $823,234 |
| 29 | OWENSCORP ITALIA SPA | VIA PONZA, 4 10121 TORINO (TO) ITALY luca.ruggeri@owenscorp.com | Trade Payable | | | | $816,999 |
| 30 | THE BUILDING AT 575 FIFTH OFFICE OWNER LL | PO BOX 780254 Philadelphia, PA 19178-0254 MattP@575fifth.com | Lease | | | | $815,240 |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| BNY LICENSING CORP., | ) | Case No. 19-[_____] (CGM) |
| | ) | |
| Debtor. | ) | |
| | ) | |

## LIST OF EQUITY SECURITY HOLDERS[1]

| Debtor | Equity Holders | Address of Equity Holder | Percentage of Equity Held |
|---|---|---|---|
| BNY Licensing Corp. | Barney's, Inc. | 575 Fifth Avenue, 11th Floor New York, New York 10017 | 100% |

---

[1]    This list serves as the disclosure required to be made by the debtor pursuant to rule 1007 of the Federal Rules of Bankruptcy Procedure.  All equity positions listed are as of the date of commencement of the chapter 11 case.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| BNY LICENSING CORP., | ) Case No. 19-[_____] (CGM) |
| | ) |
| Debtor. | ) |
| | ) |

## CORPORATE OWNERSHIP STATEMENT

Pursuant to rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, the following are corporations, other than a government unit, that directly or indirectly own 10% or more of any class of the debtor's equity interest:

| Shareholder | Approximate Percentage of Shares Held |
|---|---|
| Barney's, Inc. | 100% |

<table>
<tr><td colspan="2">Fill in this information to identify the case and this filing:</td></tr>
</table>

| | |
|---|---|
| Debtor Name | BNY Licensing Corp. |
| United States Bankruptcy Court for the: | **Southern District of New York** |
| | (State) |
| Case number (If known): | |

## Official Form 202

## Declaration Under Penalty of Perjury for Non-Individual Debtors          12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### ▌ Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets-Real and Personal Property (Official Form 206A/B)*

☐  *Schedule D: Creditors Who Have Claims Secured by Property (Official Form 206D)*

☐  *Schedule E/F: Creditors Who Have Unsecured Claims (Official Form 206E/F)*

☐  *Schedule G: Executory Contracts and Unexpired Leases (Official Form 206G)*

☐  *Schedule H: Codebtors (Official Form 206H)*

☐  *Summary of Assets and Liabilities for Non-Individuals (Official Form 206Sum)*

☐  Amended Schedule

☒  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders (Official Form 204)*

☒  Other document that requires a declaration_____**List of Equity Security Holders, Corporate Ownership Statement**_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on

| | |
|---|---|
| **08/06/2019** | ☒ */s/ Sandro Risi* |
| MM/ DD/YYYY | Signature of individual signing on behalf of debtor |
| | **Sandro Risi** |
| | Printed name |
| | **Authorized Signatory** |
| | Position or relationship to debtor |

Official Form 202          **Declaration Under Penalty of Perjury for Non-Individual Debtors**

## UNANIMOUS OMNIBUS WRITTEN CONSENT

### August 5, 2019

The undersigned, being the board of directors and members, as applicable (each, the "Governing Body"), of Barneys New York, Inc. ("Barneys,") and its subsidiaries Barney's, Inc., BNY Catering, Inc., BNY Licensing Corp., and Barneys Asia Co. LLC (each, a "Subsidiary", collectively, the "Subsidiaries" and together with Barneys, the "Company") hereby take the following actions and adopt the following resolutions, pursuant to, as applicable, the bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) of Barneys and each Subsidiary and the laws of the state of formation of Barneys and each Subsidiary as set forth next to Barneys' and each Subsidiary's name on the attachments hereto:

WHEREAS, each Governing Body considered presentations by management (the "Management") and the financial and legal advisors (collectively, the "Advisors") of the Company regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to Barneys and each Subsidiary, and the effect of the foregoing on such entity's businesses;

WHEREAS, each Governing Body discussed the foregoing with Management and the Advisors of the Company and each Governing Body has fully considered each of the strategic alternatives available to Barneys and each Subsidiary and has determined, in the judgment of each Governing Body, that the following resolutions are in the best interests of Barneys and each Subsidiary and their respective creditors;

NOW, THEREFORE, BE IT:

### CHAPTER 11 FILING

RESOLVED, that in the judgment of each Governing Body, it is desirable and in the best interests of Barneys and each Subsidiary, its creditors, and other parties in interest, that each such entity shall be and hereby is authorized to file or cause to be filed a voluntary petition for relief (such voluntary petition and the voluntary petitions to be filed, collectively, the "Chapter 11 Cases") under the provisions of chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") or other court of competent jurisdiction.

RESOLVED, that the Chief Executive Officer, Chief Financial Officer, Chief Operating Officer, General Counsel, Secretary, any Executive Vice President, any Senior Vice President, any Vice President, or any other duly appointed officer of each Subsidiary (each, an "Authorized Signatory"), acting alone or with one or more other Authorized Signatory be, and each of them hereby is, authorized, empowered, and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other motions, pleadings, papers, or documents (including the filing of financing statements), and to take any and all action that they deem necessary, appropriate, or desirable to obtain such relief, including, without limitation, any action necessary, appropriate, or desirable to maintain the ordinary course operation of the Company's business.

1

## <u>RETENTION OF PROFESSIONALS</u>

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the law firm of Kirkland & Ellis LLP, as the Company's counsel, to represent and assist Barneys and each Subsidiary in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Company; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Kirkland & Ellis LLP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and direct to employ the law firm of Katten Muchin Rosenman LLP, as conflict's counsel, to represent and assist Barneys and each Subsidiary in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance the Company's rights and remedies, including filing any pleadings and conducting any potential sale process on behalf of the Company; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Katten Muchin Rosenman LLP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of M-III Partners, LP, as the Company's financial advisors, to represent and assist Barneys and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain M-III Partners, LP in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of Houlihan Lokey Capital, Inc., as the Company's investment banker, to represent and assist Barneys and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory is, with power of delegation, hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain Houlihan Lokey Capital, Inc. in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ the firm of Bankruptcy Management Solutions, Inc. d/b/a Stretto ("Stretto") as the Company's notice, claims, and balloting agent and as administrative advisor, to represent and assist Barneys and each Subsidiary in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights and remedies; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause

2

to be filed an appropriate application for authority to retain Stretto in accordance with applicable law.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized and directed to employ one or more store closing consultants to represent and assist each Company in operating "store closing" sales; and in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to retain the services of such store closing consultants.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed to employ any other professionals to assist the Company in carrying out its duties under the Bankruptcy Code; and, in connection therewith, each Authorized Signatory, with power of delegation, is hereby authorized, empowered and directed to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed an appropriate application for authority to retain the services of any other professionals as necessary, appropriate, or desirable, including (without limitation) special counsel to the extent determined necessary, appropriate, or desirable.

RESOLVED, that each Authorized Signatory be, and hereby is, with power of delegation, authorized, empowered, and directed to execute and file all petitions, schedules, motions, lists, applications, pleadings, and other papers and, in connection therewith, to employ and retain legal counsel, accountants, financial advisors, restructuring advisors, and other professionals and to take and perform any and all further acts and deeds that each Authorized Signatory deem necessary, appropriate, or desirable in connection with each Subsidiary's chapter 11 case.

## APPOINTMENT OF CHIEF RESTRUCTURING OFFICER

RESOLVED, that in accordance with their respective Organizational Documents, each Governing Body hereby creates the office of Chief Restructuring Officer ("CRO") at each Company.

RESOLVED, that Mr. Mohsin Meghji is appointed to the office of CRO of each Company, to hold such office until the earlier of his resignation or removal by the respective Governing Body, as a condition to the consensual use of Cash Collateral (as defined below).

RESOLVED, that Mr. Meghji shall report to each Governing Body and shall serve at the pleasure and direction of each Governing Body.

## CASH COLLATERAL AND DEBTOR-IN-POSSESSION FINANCING

RESOLVED, that the Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "Cash Collateral"), which is security for certain prepetition secured lenders (collectively, the "Secured Lenders") party to that certain Amended and Restated Revolving Credit and Term Loan Facility Agreement, dated as of June 5, 2012, (as amended, restated, supplemented, or otherwise modified from time to time prior to the Petition Date, the "Credit Agreement") by and

among Barney's Inc., as borrower, Barneys, the lenders thereto, and Wells Fargo Bank, N.A., as administrative agent.

RESOLVED, that entry into that certain debtor-in-possession financing agreement (together with all exhibits, schedules and annexes thereto, the "DIP Credit Agreement") dated as of, or about, the date hereof, by and among Barneys, Inc. as the "Borrower" and a debtor and debtor-in-possession under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), the lenders party thereto from time to time (the "DIP Lenders"), and the administrative agent (the "DIP Agent") (as defined in the DIP Credit Agreement) pursuant to which the Borrower has requested that the DIP Lenders provide a debtor-in-possession term loan to the Borrower is hereby approved in all respects.

RESOLVED, that in connection with the DIP Credit Agreement and as a condition of same, entry into a store closing agency agreement (together with all exhibits, schedules and annexes thereto the "Agency Agreement") by and among Barneys, Inc. and its subsidiaries, on the one hand, and certain store closing consultants, on the other hand, is hereby approved in all respects.

RESOLVED, that the Borrower and each Subsidiary will obtain benefits from the DIP Credit Agreement and it is advisable and in the best interest of the Borrower and each Subsidiary to enter into the guaranty of the obligations of the Borrower under the DIP Credit Agreement and for the Borrower and each Subsidiary to enter into each other DIP Document and to perform its obligations thereunder, including granting security interests in all or substantially all of its assets.

RESOLVED, that the form, terms and provisions of the DIP Credit Agreement and all of the other DIP Documents, and the transactions contemplated by the DIP Credit Agreement (including, without limitation, the borrowings thereunder) and the other DIP Documents, the transactions contemplated therein and the guaranties, liabilities, obligations, security interest granted and notes issued, if any, in connection therewith, be and hereby are authorized, adopted and approved.

RESOLVED, that the Borrower and each Subsidiary's execution and delivery of, and its performance of its obligations (including guarantees) in connection with the DIP Credit Agreement and the other DIP Documents, are hereby, in all respects, authorized and approved; and further resolved, that each of the Authorized Signatories (as defined below) is hereby authorized, empowered and directed to negotiate the terms of and to execute, deliver and perform the DIP Credit Agreement, the other DIP Documents and any and all other documents, certificates, instruments, agreements, intercreditor agreements, any amendment or any other modification required to consummate the transactions contemplated by the DIP Credit Agreement and the other DIP Documents in the name and on behalf of the Borrower and each Subsidiary, in the form approved, with such changes therein and modifications and amendments thereto as any of the Authorized Signatories may in his or her sole discretion approve, which approval shall be conclusively evidenced by his or her execution thereof. Such execution by any of the Authorized Signatories is hereby authorized to be by facsimile, engraved or printed as deemed necessary and preferable.

RESOLVED, that each Authorized Signatory be, and hereby is, authorized, empowered and directed, and empowered in the name of, and on behalf of, the Borrower and each Subsidiary,

4

as debtor and debtor-in-possession, to take such actions as in his or her reasonable discretion to enter into the DIP Credit Agreement and the other DIP Documents and approval of the use of cash collateral and each of the DIP Credit Agreement and the other DIP Documents pursuant to a postpetition financing order in interim and final form, and any Authorized Signatory be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of the Borrower and each Subsidiary, necessary to implement the postpetition financing, including providing for adequate protection to the Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for entry into the DIP Credit Agreement and the other DIP Documents and the use of cash collateral in connection with the Borrower's and each Subsidiary's Chapter 11 Cases, which agreements may require the Borrower and each Subsidiary to grant adequate protection and liens to each of their Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of the Borrower and each Subsidiary pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Signatory approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof.

## <u>APPROVAL OF THE DIP DOCUMENTS</u>

RESOLVED, that (a) the form, terms and provisions of the DIP Credit Agreement and all other DIP Documents (as defined in the DIP Credit Agreement) to which the Borrower and any or all of the Subsidiaries are a party, (b) the grant of security interests in and pledges of all or substantially all of the assets now or hereafter owned by the Borrower and any or all of the Subsidiaries as collateral (including pledges of equity and personal property as collateral) under the DIP Documents and (c) the guaranty of obligations by the Borrower and any or all of the Subsidiaries under the DIP Documents, from which the Borrower and each Subsidiary will derive value, be and hereby are, authorized, adopted and approved, and (d) any Authorized Signatory or other officer of the Borrower and each Subsidiary is hereby authorized, empowered and directed, in the name of and on behalf of the Borrower and each Subsidiary, to take such actions and negotiate or cause to be prepared and negotiated and to execute, deliver, perform, and cause the performance of, each of the transactions contemplated by the DIP Credit Agreement substantially in the form provided to each governing body, the DIP Documents and such other agreements, certificates, instruments, receipts, petitions, motions, or other papers or documents to which each Subsidiary is or will be a party or any order entered into in connection with the Chapter 11 Cases (collectively with the DIP Credit Agreement, the "<u>Financing Documents</u>"), incur and pay or cause to be paid all related fees and expenses, with such changes, additions, and modifications thereto as an Authorized Signatory executing the same shall approve.

RESOLVED, that the Borrower and each Subsidiary, as debtor and debtor-in-possession under the Bankruptcy Code be, and hereby is, authorized, empowered and directed to incur any and all obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Financing Documents (collectively, the "<u>Financing Transactions</u>"), including granting liens on its assets to secure such obligations.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, the Borrower and each Subsidiary, as debtors and debtors-in-possession, to take such actions as in their discretion are determined to be

necessary, desirable, or appropriate to execute, deliver, and file: (a) the Financing Documents and such agreements, certificates, instruments, guaranties, notices, and any and all other documents, including, without limitation, any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of any Financing Documents, necessary, desirable, or appropriate to facilitate the Financing Transactions; (b) all petitions, schedules, lists, and other motions, papers, or documents, which shall in their sole judgment be necessary, proper, or advisable, which determination shall be conclusively evidenced by his or her or their execution thereof; (c) such other instruments, certificates, notices, assignments, and documents as may be reasonably requested by the DIP Agent, and other parties in interest; and (d) such forms of deposit account control agreements, officer's certificates, and compliance certificates as may be required by the Financing Documents.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, the Borrower and each Subsidiary to file or to authorize the DIP Agent to file any Uniform Commercial Code ("UCC") financing statements, any other equivalent filings, any intellectual property or real estate filings and recordings, and any necessary assignments for security or other documents in the name of the Borrower and each Subsidiary that either DIP Agent deems necessary or convenient to perfect any lien or security interest granted under the Financing Documents, including any such UCC financing statement containing a generic description of collateral, such as "all assets," "all property now or hereafter acquired," and other similar descriptions of like import, and to execute and deliver, and to record or authorize the recording of, such mortgages and deeds of trust in respect of real property of the Borrower and each Subsidiary and such other filings in respect of intellectual and other property of the Borrower and each Subsidiary, in each case as the DIP Agent may reasonably request to perfect the security interests of the DIP Agent under the Financing Documents.

RESOLVED, that the Authorized Signatories be, and they hereby are, authorized, empowered and directed in the name of, and on behalf of, the Borrower and each Subsidiary to take all such further actions, including, without limitation, to pay or approve the payment of all fees and expenses payable in connection with the Financing Transactions and all fees and expenses incurred by or on behalf of the Borrower and each Subsidiary in connection with the foregoing resolutions, in accordance with the terms of the Financing Documents, which shall in their reasonable business judgment be necessary, proper, or advisable to perform the Borrower's and each Subsidiary's obligations under or in connection with the Financing Documents or any of the Financing Transactions and to fully carry out the intent of the foregoing resolutions.

RESOLVED, that each of the Authorized Signatories be, and hereby is, authorized, empowered and directed in the name of, and on behalf of, the Borrower and each Subsidiary, to execute and deliver any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the postpetition financing or any of the Financing Documents or to do such other things which shall in their sole judgment be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his or her or their execution thereof.

RESOLVED, that the sole member, general partner, managing member, equivalent manager, or any other Authorized Signatory, as applicable, are each authorized, empowered and

directed to take each of the actions described in these resolutions or any of the actions authorized by these resolutions.

### **GENERAL**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Signatories, each Authorized Signatory (and their designees and delegates) be, and hereby is, authorized and empowered, in the name of and on behalf of the Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver, and file any and all such agreements, certificates, instruments, and other documents and to pay all expenses, in each case as in such Authorized Signatory's judgment, shall be necessary, appropriate, or desirable in order to fully carry out the intent and accomplish the purposes of the Resolutions adopted herein.

RESOLVED, that each Governing Body has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing Resolutions, as may be required by the organizational documents of Barneys and each Subsidiary, or hereby waives any right to have received such notice.

RESOLVED, that any and all acts, actions, and transactions relating to the matters contemplated by the foregoing Resolutions done in the name of and on behalf of Barneys and each Subsidiary, prior to the date of this consent on behalf of Barneys and each Subsidiary be, and are hereby in all respects are approved, confirmed and ratified as the true acts and deeds of the Company with the same force and effect as if each such act, transaction, agreement, or certificate had been specifically authorized in advance by resolution of each Governing Body.

RESOLVED, that each Authorized Signatory (and their designees and delegates) and each other partner, member, or managing member of each direct subsidiary of each Subsidiary, be and hereby is authorized and empowered to take all actions or to not take any action in the name of and on behalf of each Subsidiary with respect to the transactions contemplated by these Resolutions hereunder as the sole shareholder, partner, member, or managing member of each direct subsidiary of each Subsidiary, in each case, as such Authorized Signatory shall deem necessary, appropriate, or desirable in such Authorized Signatory's reasonable business judgment as may be necessary, appropriate, or desirable to effectuate the purposes of the transactions contemplated herein.

This unanimous omnibus written consent may be executed in as many counterparts as may be required; all counterparts shall collectively constitute one and the same consent. The actions taken by this consent shall have the same force and effect as if taken at a meeting of the Governing Body of Barneys and each Subsidiary, pursuant to the limited liability company agreement or operating agreement of Barneys and such Subsidiary, as applicable, and the laws of the state of jurisdiction of formation for each such entity.

*        *        *        *        *

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

Name: Richard Perry
Title: Director


Name: Mark Lee
Title: Director


Name: Robert C. Beyer
Title: Director


Name: Stephanie Bond
Title: Director


Name: Martin L. Edelman
Title: Director


Name: Simon Harland
Title: Director


Name: Daniella Vitale
Title: Director


**BEING ALL OF THE MEMBERS OF THE BOARD OF DIRECTORS OF THE COMPANIES LISTED ON <u>ATTACHMENT A</u>**

5

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

_____
Name: Richard Perry
Title: Director

_____
Name: Mark Lee
Title: Director

_____
Name: Robert C. Beyer
Title: Director

_____
Name: Stephanie Bond
Title: Director

_____
Name: Martin L. Edelman
Title: Director

_____
Name: Simon Harland
Title: Director

_____
Name: Daniella Vitale
Title: Director

**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF THE
COMPANIES LISTED ON ATTACHMENT A**

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

_____
Name: Richard Perry
Title: Director


_____
Name: Mark Lee
Title: Director


_____
Name: Robert C. Beyer
Title: Director


_____
Name: Stephanie Bond
Title: Director


_____
Name: Martin L. Edelman
Title: Director


_____
Name: Simon Harland
Title: Director


_____
Name: Daniella Vitale
Title: Director


**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF THE
COMPANIES LISTED ON ATTACHMENT A**

5

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

_____
Name: Richard Perry
Title: Director


_____
Name: Mark Lee
Title: Director


_____
Name: Robert C. Beyer
Title: Director

_____
Name: Stephanie Bond
Title: Director


_____
Name: Martin L. Edelman
Title: Director


_____
Name: Simon Harland
Title: Director


_____
Name: Daniella Vitale
Title: Director


**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF THE
COMPANIES LISTED ON ATTACHMENT A**

5

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

_____
Name: Richard Perry
Title: Director


_____
Name: Mark Lee
Title: Director


_____
Name: Robert C. Beyer
Title: Director


_____
Name: Stephanie Bond
Title: Director

_____
Name: Martin L. Edelman
Title: Director


_____
Name: Simon Harland
Title: Director


_____
Name: Daniella Vitale
Title: Director



**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF THE
COMPANIES LISTED ON ATTACHMENT A**

5

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

_____
Name: Richard Perry
Title: Director


_____
Name: Mark Lee
Title: Director


_____
Name: Robert C. Beyer
Title: Director


_____
Name: Stephanie Bond
Title: Director


_____
Name: Martin L. Edelman
Title: Director

_____
Name: Simon Harland
Title: Director


_____
Name: Daniella Vitale
Title: Director


**BEING ALL OF THE MEMBERS OF
THE BOARD OF DIRECTORS OF THE
COMPANIES LISTED ON <u>ATTACHMENT A</u>**

5

IN WITNESS WHEREOF, the undersigned have executed this unanimous omnibus written consent as of the date first written above.

Barneys New York, Inc.
BNY Licensing Corp.

/s/
Name: Sandro Risi
Title: Executive Vice President, Chief Financial Officer and Treasurer

**BEING THE MEMBERS OF THE COMPANY LISTED ON <u>ATTACHMENT B</u>**

1

**Attachment A**

| **COMPANY** | **JURISDICTION** |
| --- | --- |
| Barneys New York, Inc. | Delaware |
| Barney's, Inc. | New York |
| BNY Catering, Inc. | New York |
| BNY Licensing Corp. | Delaware |

**Attachment B**

| COMPANY | JURISDICTION |
|---|---|
| Barneys Asia Co. LLC | Delaware |